IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Tesi, a widow and unmarried,<br><br>  Plaintiff,<br><br>vs.<br><br>ReconTrust N.A., a California corporation;<br>Bank of America, N.A., a foreign<br>corporation doing business in the State of<br>Arizona,<br><br>  Defendants. | No. CV 12-621-TUC-JGZ (BPV)<br><br>**REPORT & RECOMMENDATION** |

Pending before the Court is Defendants' Motion to Dismiss (Doc. 14). Plaintiff has filed a Response (Doc. 15) and Defendants have filed a Reply (Doc. 16). For the following reasons, the Magistrate Judge recommends that the District Court grant Defendants' Motion to Dismiss (Doc. 14).

**I.  FACTUAL & PROCEDURAL BACKGROUND**

On August 17, 2012, Defendants removed this matter from state court. (Doc. 1). Plaintiff alleges two causes of action. In Count One, Plaintiff alleges that on approximately June 1, 2006, she and her now-deceased husband executed a Promissory Note ("Note") made payable to Homefield Financial, Inc., and also executed a Deed of Trust ("DOT") in which

Homefield Financial, Inc., was named as Lender, and Zen Title was designated as Trustee.[1] (Complaint, ¶¶II-III (Doc. 1-2)). Under the DOT, Mortgage Electronic Registration Systems, Inc. ("MERS"), which was "acting solely as a nominee for Lender and Lender's successors and assignees", was named as beneficiary.[2] (Complaint, Exh. B; *see also* Complaint, ¶IV). Plaintiff alleges that thereafter, the Note and DOT were acquired by Fannie Mae.

---

[1] Plaintiff and her now-deceased husband borrowed $260,000 from Homefield Financial, Inc., to purchase property. (*See* Complaint, Exh. B).

[2] The Ninth Circuit has recognized that:
> MERS is a private electronic database, operated by MERSCORP, Inc., that tracks the transfer of the "beneficial interest" in home loans, as well as any changes in loan servicers. After a borrower takes out a home loan, the original lender may sell all or a portion of its beneficial interest in the loan and change loan servicers. The owner of the beneficial interest is entitled to repayment of the loan. For simplicity, we will refer to the owner of the beneficial interest as the "lender." The servicer of the loan collects payments from the borrower, sends payments to the lender, and handles administrative aspects of the loan. Many of the companies that participate in the mortgage industry—by originating loans, buying or investing in the beneficial interest in loans, or servicing loans—are members of MERS and pay a fee to use the tracking system. *See Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 490 (Minn.2009).
> ***
> MERS was designed to avoid the need to record multiple transfers of the deed by serving as the nominal record holder of the deed on behalf of the original lender and any subsequent lender. *Jackson*, 770 N.W.2d at 490.
>     At the origination of the loan, MERS is designated in the deed of trust as a nominee for the lender and the lender's "successors and assigns," and as the deed's "beneficiary" which holds legal title to the security interest conveyed. If the lender sells or assigns the beneficial interest in the loan to another MERS member, the change is recorded only in the MERS database, not in county records, because MERS continues to hold the deed on the new lender's behalf. If the beneficial interest in the loan is sold to a non-MERS member, the transfer of the deed from MERS to the new lender is recorded in county records and the loan is no longer tracked in the MERS system.

*Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1038-40 (9th Cir. 2011).

1  (Complaint, at ¶V). On approximately March 8, 2012, an Assignment of the DOT to Bank
2  of America ("BOA") "was made by MERS by a person whose name is Jeannine Abramoff,
3  an assistant Secretary of MERS, and recorded...on March 16, 2012." (*Id.* at ¶VI). Plaintiff
4  further alleges that she is "informed and thus believes..." that Ms. Abramoff was not an
5  employee of MERS and did not have authority to execute such assignment. (*Id.*).

6  Plaintiff also alleges that on approximately March 20, 2012, "a Corporation
7  Assignment of [DOT]...was made by Anthony Cannon as [A]ssistant Secretary of MERS and
8  recorded...." (*Id.* at ¶VII). According to Plaintiff, Mr. Cannon was not an employee or
9  officer of MERS and did not have authority to execute such assignment. (*Id.*). Additionally,
10 on March 20, 2012, Defendant BOA executed a Substitution of Trustee appointing Defendant
11 ReconTrust Company ("ReconTrust") Successor Trustee. (*See* Complaint, Exh. F; *see also*
12 Complaint, ¶VIII).

13 Plaintiff alleges that because neither Defendant BOA nor Defendant ReconTrust hold
14 the Note, they lack authority to enforce the provisions of the DOT. (Complaint, ¶X).

15 In Count Two, Plaintiff alleges that state legislation granting "private parties the
16 power to foreclosure security instrument [sic] without judicial oversight[]" violates the "First
17 and Fourteenth Amendments..." of the U.S. Constitution, and Article 2, section 4, of the
18 Arizona Constitution. (*Id.* at ¶¶ XII-XIII).

19 Plaintiff requests that the Court enjoin Defendants from enforcing the DOT by Trustee
20 Sale, and that the Court declare Title 33, Chapter 6.1, Article 1, unconstitutional. (*Id.* at
21 ¶XIII).

22 **II.    DISCUSSION**

23 Defendants contend that there is no dispute that when Plaintiff signed the loan
24 documents, she agreed foreclosure would be the consequence of default. Defendants assert
25 that Plaintiff indisputably defaulted. (Motion, p. 2). According to Defendants, although
26 Defendant ReconTrust recorded a Notice of Sale for August 15, 2012, no sale has occurred.
27 (*Id.*). Defendants seek dismissal of this action pursuant to Fed.R.Civ.P. 12(b) for failure to
28 state a claim.

A.    Standard

"'To survive a motion to dismiss [under Fed.R.Civ.P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face;' that is, plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Telasaurus VPC, LLC. v. Power,* 623 F.3d 998, 1003 (9th Cir. 2010), *cert. denied,* __ U.S. __, 132 S.Ct. 95 (2011), (*quoting Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)); *see also Moss v. United States Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (to defeat a motion to dismiss, the "non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 1990), *abrogated on other grounds by Bell Atl. Corp. v. Twombly,* 530 U.S. 544 (2007).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint..." does not apply to legal conclusions. *Iqbal,* 556 U.S. at 678; *see also Telasaurus,* 623 F.3d. at 1003 (pleadings that are no more than legal conclusions "'are not entitled to the assumption of truth.'") (*quoting Iqbal,* 556 U.S. at 679). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, the court "cannot assume any facts necessary to [the plaintiffs']... claim that they have not alleged." *Jack Russell Terrier Network of Northern Calif. v. American Kennel Club, Inc.,* 407 F.3d 1027, 1035 (9th Cir. 2005).

However, the court will assume "'well-pleaded factual allegations,'...to be true, 'and then determine whether they plausibly give rise to an entitlement to relief.'" *Telasaurus,* 623 F.3d. at 1003 (*quoting Iqbal*, 556 U.S. at 679); *see also Iqbal,* 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678.

1  Determining plausibility is a "context-specific task..." that requires the court to "draw on its
2  judicial experience and common sense." *Id.* at 679. A complaint cannot survive dismissal
3  where the court can only infer that a claim is merely possible rather than plausible. *Id.*

4  As a general rule, the district court may not consider any material beyond the
5  pleadings when resolving a motion to dismiss for failure to state a claim. *Lee v. City of Los*
6  *Angeles,* 250 F.3d 668, 688 (9th Cir. 2002), *impliedly overruled on other grounds as*
7  *discussed in Gallardo v. DiCarlo,* 203 F.Supp.2d 1160, 1162 n.2(C.D. Cal. 2002). However,
8  the court may consider material submitted as part of the complaint, such as the exhibits which
9  Plaintiff has attached to her Complaint. *See Id.*

10  B.     Count One

11  "Arizona's Deed of Trust Act (the Act), A.R.S. §§ 33-801 to 33-821, first authorizes
12  deeds of trust and then provides a detailed and comprehensive framework for carrying out
13  non-judicial foreclosures." *In re Krohn,* 203 Ariz. 205, 215 52 P.3d 774, 784 (2002). "The
14  Act is a comprehensive set of statutes governing the execution and operation of deeds of
15  trust." *In re Bisbee,* 157 Ariz. 31, 32, 754 P.2d 1135, 1137 (1998); *see also Patton v. First*
16  *Fed. Sav. & Loan Ass'n. of Phoenix,* 118 Ariz. 473, 476, 578 P.2d 152, 155 (1978)
17  (Arizona's Deed of Trust "statutes set forth the only procedure for a valid trustee's sale.").
18  The Arizona court has recognized that in contrast to a mortgage, which "generally may be
19  foreclosed only by filing a civil action..., under a Deed of Trust, the trustee holds a power of
20  sale permitting him to sell the property out of court with no necessity of judicial action."
21  *Patton,* 473 Ariz. at 477, 578 P.2d at 156. *See also Hogan v. Washington Mut. Bank,* 230
22  Ariz. 584, ¶5, 277 P.3d 781, 782-83 (2012) (*en banc*) ("When parties execute a deed of trust
23  and the debtor thereafter defaults, A.R.S. §33-807 empowers the trustee to sell the real
24  property securing the underlying note through a non-judicial sale.").

25  Plaintiff alleges that Defendants are not proper parties to enforce the DOT because
26  they do not have an interest in the Note. (Complaint, ¶X). Relying on *Carpenter v. Longan,*
27  16 Wall 271, 83 U.S. 271 (1822), Plaintiff argues that "the note and mortgage are
28  inseparable." (Response, p. 2). Therefore, according to Plaintiff, because the Note is owned

by Fannie Mae, "MERS [] had nothing to assign to Defendant Bank of America, and Bank of American had no right or authority to record a substitution of trustee." (*Id.*). However, as Defendants point out, the Arizona Supreme Court has held that beneficiaries are not required to show ownership of the note that a deed of trust secures before a trustee can conduct a non-judicial foreclosure sale. *Hogan,* 230 Ariz. at ¶8, 277 P.3d at 783. Instead, "[t]he *only* proof of authority the trustee's sales statutes require is a statement indicating the basis for the trustee's authority." *Id.* (citations omitted) (emphasis added). *See also Cardin v. Wilmington Finance, Inc.,* 2013 WL 1123815 at *2 (D. Ariz. Mar. 18, 2013) (relying on *Hogan* and other cases from the District of Arizona to reject the plaintiffs' claim based on "the theory that in order to foreclose[,] a party must show possession of the original note...."); *Hensley v. Bank of New York Mellon,* 2013 WL 791294 at *5 (D. Ariz. Mar. 4, 2013) (relying on *Hogan* to reject the plaintiff's claim that the defendant must show ownership or otherwise document its right to enforce the underlying note prior to selling the real property secured by the underlying note through a non-judicial sale.). Further, in rejecting reliance on *Carpenter* to prevent a trustee's sale under Arizona's Deed of Trust statutes, the District Court for the District of Arizona has found *Carpenter* inapposite given that *Carpenter* did not address "whether the lender was required to show possession of the note in order to enforce the mortgage. As noted by another district court, *Carpenter* 'concerns a loan that had not yet matured and not a home mortgage in default as in the present case.'" *Maxa v. Countrywide Loans, Inc.,* 2010 WL 2836958, at *4 (D. Ariz. July 19, 2010) (*quoting Nicholson v. OneWest Bank,* 2010 WL 2732325 at *4 n.5 (N.D. Ga. Apr. 20, 2010)). The *Maxa* Court's sound reasoning applies equally in the instant case. Moreover, as discussed below, there is no inference that the trustee in this case lacks the authority to act on behalf of the lender. *See Cervantes,* 656 F.3d at 1044.

Plaintiff also alleges in Count One that Ms. Abramoff and Mr. Cannon, who made assignments to Defendant BOA on behalf of MERS, were not employees or officers of MERS and had no authority to execute the assignments. (Complaint, ¶¶VI, VII). Plaintiff bases these allegations on her information and belief. (*Id.*). Defendants argue that Plaintiff's

- 6 -

1 assertions are not supported by "factual allegations, but unsupported conclusions to which
2 this Court is not bound." (Motion, p. 7 (citations omitted)). Defendants also argue that
3 "[r]egardless of whether or not Jeanine [sic] Abramoff, Anthony Cannon, or Laurie Bayona[3]
4 had authority when they executed the documents, Defendants do not contest their actions,
5 and therefore, ratify them." (*Id.* at p. 7 (*citing Brown v. Bank of America N.A.,* 2011 WL
6 2633150, at *1 (D. Nev. July 5, 2011)). Plaintiff did not respond to Defendants' argument
7 on this issue. "Parties must come forward with their points and authorities in support of or
8 in opposition to a motion." *E.E.O.C. v. Eagle Produce, L.L.C.,* 2008 WL 2796407, at *2 (D.
9 Ariz. July 18, 2008). Plaintiff's failure to respond to Defendants' argument "serves as an
10 independent basis upon which to grant..." Defendants' Motion to Dismiss on this issue.
11 *Currie v. Maricopa County Cmty. Coll. Dist.,* 2008 WL 2512841, at *2 n.1 (D. Ariz. June
12 20, 2008).

13 Moreover, Plaintiff provides absolutely no factual or legal basis for her allegations
14 that Ms. Abramoff and Mr. Cannon were not employees of MERS and/or had no authority
15 to make the assignments. "[A]lthough allegations 'upon information and belief' may state
16 a claim after *Iqbal* and *Twombly*, a claim must still be based on factual content that makes
17 liability plausible, and not be 'formulaic recitations of the elements of a cause of action.'"
18 *Klohs v. Wells Fargo Bank, N.A.,* __ F.Supp.2d __, 2012 WL 4758126, at *5 n.2 (D. Haw.
19 Oct. 4, 2012) (*quoting Long v. Yomes,* 2011 WL 4412847, at *4 (D. Haw. Sept. 20, 2011)
20 *quoting Twombly,* 550 U.S. at 555); *see also Solis v. City of Fresno,* 2012 WL 868681, at *8
21 (E.D. Cal. Mar. 13, 2012) ("In the post-*Twombly* and *Iqbal* era, pleading on information and
22 belief, without more, is insufficient to survive a motion to dismiss for failure to state a
23 claim."). "The facts alleged must be sufficient to nudge the claims 'across the line from
24 conceivable to plausible.'" *Solis,* 2012 WL 868681, at *8 (*quoting Twombly,* 550 U.S. at
25 547). On the instant record, Plaintiff's conclusory allegations fail to state a claim. *See*

---

27 [3]Plaintiff alleges that Defendant BOA "executed a Substitution of Trustee [appointing
Defendant ReconTrust] by Laurie Bayona as assistant vice-president of..." BOA.
28 (Complaint, ¶VIII; *see also* Complaint, Exh. F).

1  *Bergdale v. Countrywide Bank FSB,* 2012 WL 4120482, at *5 (D. Ariz. Sept. 18, 2012)
2  (rejecting claim that individual did not have authority to sign as Assistant Secretary of MERS
3  where such claim had no legal support and the plaintiff "pleads no fact that suggests that [the
4  individual named] was not an Assistant Secretary of MERS."); *Phillips v. Wells Fargo Bank,*
5  *N.A.,* 2009 WL 3756698 at *4 (S.D. Cal. Nov. 6, 2009) (dismissing claim where the plaintiff
6  failed to support allegation that assignment was made by an individual who was not Vice
7  President of MERS).
8        For the foregoing reasons, Count One will be dismissed.
9        C.    Count Two
10       In Count Two, Plaintiff alleges that the provisions of Arizona's Deed of Trust Act,
11 which "grant[s] private parties the power to foreclosure security instrument [sic] without
12 judicial oversight" denies "the right of judicial relief" and, therefore, violates the "right to
13 due process as provided in the First and Fourteenth Amendments to the United States
14 Constitution and Article 2, section 4 of the Arizona Constitution." (Complaint, ¶¶XII-XIII).
15 Plaintiff requests that the Court declare the Act unconstitutional. (*Id.* at ¶XIII).
16       Defendants argue that they are not state actors and, thus, Plaintiff fails to state a due
17 process claim against them. (Motion, pp. 7-9). In response, Plaintiff agrees that her due
18 process claim does not apply to private parties such as Defendants. (Response, p. 3); *see also*
19 *Dimond v. Samaritan Health Service,* 27 Ariz. App. 682, 558 P.2d 710 (App. 1977) ("The
20 Fourteenth Amendment of the United States Constitution applies only to state action and not
21 to private conduct. *Burton v. Wilmington Parking Auth.,* 365 U.S. 715 (1961)....Likewise,
22 Article 2, Sec. 4 of the Arizona Constitution applies only to state action."). Instead, Plaintiff
23 asserts that her "claim is based...on the act of the Legislature in enacting the non-judicial
24 foreclosure process." (Response, p.3). Plaintiff further contends that "[i]t is the action of the
25 Arizona Legislature that fails to provide some mechanism for the intervention of some
26 disinterested third party agency, whether administrative or judicial, to determine the merits
27 of a claim for foreclosure of property interest that constitutes a denial of due process require
28 [sic] by the [F]ourteenth Amendment of the U.S[.]...Constitution." (*Id.*). Plaintiff's counsel

1 indicates that he provided a copy of the Complaint to the Arizona Attorney General.[4] (*Id.*).
2 Plaintiff also offers to amend the Complaint to name the Arizona Attorney General as a
3 party. (*Id.* at pp. 3-4).

4 Contrary to Plaintiff's assertion that she has been deprived of "the right of judicial
5 relief" (Complaint, ¶XIII), "Arizona law requires that homeowners be given 90 days' notice
6 of a trustee sale. A.R.S. § 33-808(C); A.R.S. §33-809(C)[]", the intent of which is "to afford
7 homeowners ample time to protect their interests." *Coleman v. American Home Mortg.*
8 *Servicing Corp.*, 2010 WL 1268141, at *4 (D.Ariz. Mar. 30, 2010) ("The state statutes afford
9 [plaintiff] time to seek redress in court if she believes the trustee's sale is defective." ).
10 More importantly, "Deeds of Trust are essentially private contractual relationships which tie
11 a given debt to a given parcel of property." *Kenly v. Miracle Properties,* 412 F.Supp. 1072,
12 1075 (D.Ariz. 1976). In upholding state statutes like Arizona's that merely authorize private
13 parties to contract for the express terms of foreclosure upon default, the Ninth Circuit has
14 been clear that there is "no state action in either the availability of such private remedies or
15 their enforcement." *Apao v. Bank of N.Y.,* 324 F.3d 1091, 1094-95 (9th Cir. 2002); *see also*
16 *Charmicor, Inc., v. Deaner,* 572 F.2d 694, 696 (9th Cir. 1978) (finding no state action where
17 plaintiffs challenged Nevada's non-judicial foreclosure statute on due process grounds); *see*
18 *also Robinson v. Bank of New York Mellon,* 2011 WL 810658 (citing *Apao* to reject the
19 plaintiff's due process claim regarding Arizona's Deed of Trust statutes and stating:
20 "[p]laintiffs voluntarily contracted with a private party and agreed to confer a power of sale
21 upon the trustee in the Deed of Trust. The trustee is now invoking that power, not the power
22 of the state."); *Coleman,* 2010 WL 1268141, at *4 n.1 ("Ninth Circuit authority is clear...that

---

[4]Arizona law requires that:

> In any proceeding in which a state statute...is alleged to be unconstitutional, the attorney general and the speaker of the house of representatives and the president of the senate shall be served with a copy of the pleading, motion or document containing the allegation at the same time the other parties in the action are served and shall be entitled to be heard.

A.R.S. § 12-1841.

the Fourteenth Amendment does not apply to private action. *See Single Moms, Inc., v. Mont. Power Co.,* 331 F.3d 743, 746-43 (9th Cir. 2003); *Apao v. Bank of N.Y.,* 324 F.3d 1091, 1093 (9th Cir. 2003)."). Consequently, Count Two is dismissed.

### D.     Amendment

Plaintiff seeks leave to amend to name the Arizona Attorney General as a party regarding her due process claim. (Response, pp. 3-4). When dismissing for failure to state a claim, the court should grant leave to amend unless amendment would be futile. *See Cervantes,* 656 F.3d at 1041 ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.") (citation and footnote omitted). In light of *Apao,* the addition of the Arizona Attorney General as a party would not revive Plaintiff's due process claim.  Additionally, given that the law is settled against Plaintiff's "show-the-note" theory alleged in Count One, amendment would be futile on that Count as well.  *See Mortgage Electronic Registration Systems Litigation MDL,* 2012 WL 1931365, at *4 (D. Ariz. May 25, 2012) (denying leave to amend "[b]ecause Plaintiff's claims depend on legal theories that have repeatedly been rejected by this Court, and in light of the foregoing analysis, the Court finds that Plaintiff's Complaint could not be cured of allegations of other facts and, thus, allowing Plaintiff to amend her Complaint would be futile."). Accordingly, Plaintiff should not be granted leave to amend her Complaint.

## III.    CONCLUSION & RECOMMENDATION

For the foregoing reasons, Plaintiff has failed to allege claims upon which relief may be granted.  Therefore, the Magistrate Judge recommends that the District Court grant Defendants' Motion to Dismiss (Doc. 14).

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure and LRCiv 7.2(e), Rules of Practice of the U.S. District Court for the District of Arizona, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed.R.Civ.P.

- 10 -

72(b)(2). No replies to objections shall be filed unless leave is granted from the district court to do so. If objections are filed, the parties should use the following case number: CV 12-621-TUC-JGZ.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to *de novo* review of the issues. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 7th day of May, 2013.

_____
Bernardo P. Velasco
United States Magistrate Judge